

# The Attorney General of Texas

April 25, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable James M. Windham
Chairman
Board of Corrections
Livingston, Texas 77351

Opinion No. H- 1158

Re: Acquisition of land for a prison farm.

Dear Mr. Windham:

You have asked three questions relating to the acquisition of land on which to construct a new prison unit. The questions involve a rider to the General Appropriations Act for the 1978-79 fiscal years. That rider provides:

> The Department of Corrections is authorized to acquire from the proceeds of the sale or exchange of the Blue Ridge Farm, and from the appropriation for prison construction, sufficient acreage in West Texas, not to exceed a valuation of $8,000,000 upon which to construct a prison unit. Appropriated funds provided herein shall be expended only when authorized by the approval board, as provided under Senate Bill No. 449, Fifty-fourth Legislature, Regular Session, consisting of the Governor, the Commissioner of the General Land Office and the Chairman of the Board of Corrections.

Acts 1977, 65th Leg., ch. 872, at 2870.

Your questions are:

(1) Can the acreage referred to in the rider be purchased by the Texas Department of Corrections solely from appropriated money, without the inclusion of any money from the sale of the Blue Ridge Farm?

(2) Is the language in the rider indicating that the acreage in question is to be located in "West Texas" directory or mandatory?

(3)   If, and only if such language is determined to be mandatory, does West Texas include Hidalgo County?

The first question is of primary importance since a 1955 statute limits use of funds from the sale of the Blue Ridge Farm. That statute provides in part:

Sec. 3.   The proceeds from the sale of [the Blue Ridge Farm] shall be placed in a special fund in the State Treasury for use by the Texas Prison Board in purchasing other lands for the Texas Prison System within a radius of seventy five (75) miles of Huntsville, Texas. . . .

Acts 1955, 54th Leg., ch. 457, at 1178. An appropriation act rider cannot amend a statute. Attorney General Opinion V-1254 (1951). Thus, unless the property can be purchased with funds other than the proceeds of the sale of Blue Ridge Farm, the new acreage must be within seventy-five miles of Huntsville.

The rider authorizes the Department "to acquire [acreage in West Texas] from the proceeds of the sale or exchange of the Blue Ridge Farm, and from the appropriation for prison construction" (emphasis added). Your first question requires us to decide whether the "and" can be construed in the disjunctive rather than the more usual conjunctive form. The Texas Supreme Court has said:

Ordinarily the words 'and' and 'or,' are in no sense inter-changeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.' This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.

Board of Insurance Commissioners of Texas v. Guardian Life Ins. Co. of Texas, 180 S.W.2d 906, 908 (Tex. 1944) (quoting 3 C.J.S., And, 1068).

Here we cannot say that the context and language of the rider requires the conversion. In fact, we believe the statutory language suggests that the conjunctive use is required. General statutes and appropriations act riders on the

same subject are in pari materia and must be read together. Jessen Associates, Inc., v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975). The 1955 statute specifically provides that the proceeds from the sale of Blue Ridge Farm will be used for the purchase of new land. The rider to the Appropriation Act specifically refers to this statute and makes the purchase of the new farm conditional on the concurrence of the Approval Board which is established in the 1955 statute. The Approval Board's sole functions are set out in the 1955 legislation and are to approve the sale of the Blue Ridge Farm and to approve the purchase of new acreage with the proceeds. When the rider and the 1955 statute are construed together, as they are required to be, the utilization of the Blue Ridge proceeds is mandated. Additionally, the budget request submitted by the Texas Department of Corrections to the Legislature does not indicate that any general revenue appropriation was requested for purchase of land. Compare pages 356 and 358 with pages 2 through 5, Texas Department of Corrections Budget Estimates, fiscal years 1978 and 1979 (October, 1976). We are thus compelled to conclude that the language of the rider requires that the acreage for a new prison farm be purchased with the proceeds from the sale of the Blue Ridge Farm and with sufficient general revenue funds to equal the difference between the cost of the new acreage and the receipts from the Blue Ridge property.

Although the rider refers to purchase of land in West Texas while the statute limits the purchase to a seventy-five mile radius of Huntsville, this anomalous result does not indicate that the Legislature intended that the purchase was to be made solely from general revenue funds. The rider apparently was drafted in the anticipation that H.B. 1367 would pass the 65th Legislature. That bill would have amended the 1955 legislation relating to the Blue Ridge Farm to remove the seventy-five mile limitation and to alter other provisions relating to the sale of Blue Ridge Farm and the purchase of a new farm. That bill was passed by the House on May 23, and was passed by the Senate on second reading on May 30, 1977; however, it was never considered by the Senate on third and final reading. The Appropriation Bill, on the other hand, was passed by both houses on May 26, 1977.

Thus, it is our conclusion that the language of the appropriation riders requires that the acreage for a new prison farm be purchased at least in part with proceeds from the sale of the Blue Ridge Farm. Since the use of proceeds from the sale of Blue Ridge Farm is limited by statute to the purchase of other lands within the seventy-five mile radius of Huntsville, it is unnecessary to address your second and third questions.

### SUMMARY

A rider to the Texas Department of Corrections appropriation in the Appropriations Act for fiscal years 1978 and 1979 provides the purchase of acreage for a new prison farm is to be made primarily with funds from the sale of the Blue

Ridge Farm.  Such funds may be used only for the purchase of land in a seventy-five mile radius of Huntsville.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn